UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY HALES,            )
                          )
    *Petitioner*,         )     CASE NO.   14-181 Erie
                          )
v.                        )
                          )     ORDER ADOPTING REPORT AND
                          )     RECOMMENDATION
                          )
BRIAN COLEMAN, et al.,    )
                          )
    *Respondents*.        )
_____)

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed the petition for writ of habeas corpus, the Report and Recommendation of the Honorable Susan P. Baxter, United States Magistrate Judge, and the balance of the record, does hereby find that:

(1)      The Court adopts the Report and Recommendation;

(2)      There is no basis to disturb the state court decisions to deny relief under AEDPA's deferential standards. Specifically, there is no basis to disturb the trial court's finding that Petitioner knowingly and intelligently waived his privilege against self-incrimination. The trial court held a suppression hearing and made credibility assessments based on testimony at that hearing. The trial court properly applied the "totality of the circumstances" test to the events surrounding Petitioner's confessions and interrogation in determining whether Petitioner's decision to waive his *Miranda* rights was uncoerced and made with the requisite

level of comprehension. Petitioner has not met his burden of demonstrating that the trial court's decision was contrary to clearly established Federal law, as determined by the Supreme Court of the United States. Further, Petitioner failed to establish that the trial court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 2011). Therefore, the decision was not an "unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In addition, the Court finds that Petitioner's ineffective assistance of counsel claim is procedurally defaulted. Petition failed to exhaust his state court remedies with respect to this claim and he failed to establish good cause for the default. Finally, Petitioner failed to file any objection to the Magistrate Judge's Report and Recommendation.

(3) Petitioner's petition for writ of habeas corpus is DISMISSED with prejudice;

The Clerk of the Court is respectfully directed to send copies of this Order to Petitioner, Respondent, and to Judge Baxter.

**IT IS SO ORDERED.**

DATED this 12th day of January, 2016.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge